15-1445-cv
Nick's Garage, Inc. v. Nationwide Mutual Ins. Co.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand seventeen.

PRESENT:    PIERRE N. LEVAL,
            RAYMOND J. LOHIER, JR.,
                            *Circuit Judges*,
            EDWARD R. KORMAN,
                            *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NICK'S GARAGE, INC.,

                    *Plaintiff-Appellant*,

            v.                                    No. 15-1445-cv

NATIONWIDE MUTUAL INSURANCE COMPANY,
NATIONWIDE AFFINITY INSURANCE COMPANY
OF AMERICA, NATIONWIDE GENERAL
INSURANCE COMPANY, NATIONWIDE MUTUAL
FIRE INSURANCE COMPANY, NATIONWIDE
PROPERTY AND CASUALTY INSURANCE
COMPANY, NATIONWIDE INSURANCE
COMPANY OF AMERICA,

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:                    CECELIA R.S. CANNON, Bousquet Holstein
                                  PLLC, Syracuse, NY.

FOR APPELLEES:                    ROY A. MURA (Eric T. Boron *on the brief*),
                                  Mura & Storm, PLLC, Buffalo, NY.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART and VACATED IN PART**, and the case is **REMANDED**.

Plaintiff, Nick's Garage, Inc. ("Garage" or "Plaintiff"), a Syracuse, New York automobile repair shop, appeals from the judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*) granting summary judgment in favor of the defendants, Nationwide Mutual Insurance Company and related entities (collectively, "Defendant" or "Insurer").[1] Garage's complaint was brought as assignee of its customers' claims against Insurer. The complaint alleges (i) breach of the Insurer's contractual obligation to its insureds to pay the amount necessary to repair their damaged vehicles to pre-accident condition, and (ii) deceptive business practices in claims processing, in violation of the New York General Business Law ("GBL") § 349.

We vacate the judgment in substantial part and affirm in part. The court today issued a separate opinion in Nick's Garage, Inc. v. Progressive Casualty Insurance Company, No. 15-1426 ("*Progressive Casualty*"), which presented many substantially similar issues. We rely in part on our reasoning in *Progressive Casualty* to resolve the instant appeal.

---

[1] Defendants are Nationwide Mutual Insurance Company, Nationwide Affinity Insurance Company of America, Nationwide General Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Property and Casualty Insurance Company, and Nationwide Insurance Company of America.

From 2007 to 2012, Garage, at the instance of the owners, repaired various cars that had suffered damage for which the owners submitted damage claims to Insurer. The owners made Garage their designated representative to negotiate with Insurer for coverage of repairs, and assigned their insurance claims to Garage.

Insurer stipulated that it was obligated under the contracts of insurance to provide sufficient payment "to return the specified vehicles . . . to pre-Accident condition." J.A. 1229. Under New York law, the amount the Insurer was obligated to pay under its contracts was "the lesser of the amounts for which the claimant can reasonably be expected to (1) repair the property to its condition prior to the loss; or (2) replace it with an item substantially identical to the item damaged." 11 N.Y.C.R.R. § 216.6(b)(1)–(2).

I. *Breach of Contract*

Insurer moved for summary judgment based on the contention that Garage could not prove that the owners suffered any damages, based on evidence that Garage repaired the vehicles to pre-accident condition and did not intend to charge the owners for the alleged deficiency in the Insurer's payment.

The district court properly rejected this argument. *Nick's Garage, Inc. v. Nationwide Mut. Ins. Co.*, 101 F. Supp. 3d 185, 194–95 (N.D.N.Y. 2015). As we explained in *Progressive Casualty*, Slip Op. at 12–13, where the insurer advanced essentially the same argument, the argument is premised on a misconception of Insurer's contractual obligation. The contract requires Insurer to pay the lesser of the *reasonably expected cost* of repairing, or replacing, the car to pre-accident condition, regardless of whether the owner could succeed in getting the repair or replacement at a bargain price, or decided not to have the car repaired.

The district court nonetheless granted summary judgment to Insurer, based on a theory Insurer had not argued in its motion. The court explained that Garage's claims as to the market cost of repairing the vehicles were "conclusory" and that Garage had made "no attempt to explain . . . why the alleged deficiencies . . . were necessary to return the vehicles to their pre-accident condition." *Nick's Garage*, 101 F. Supp. 2d at 195.

Garage contends that the district court erred in granting summary judgment based on a ground not argued by Insurer in its motion, without giving Garage notice and opportunity to be heard on the question. We agree. Garage had no notice that the court might grant the motion on the basis of a theory that was not raised in Insurer's motion for summary judgment. Garage therefore had no opportunity to argue against that ground, much less to present evidence in opposition.

3

It was error to grant summary judgment in those circumstances. The problem is not that the court relied, *sua sponte*, on a ground the movant had not raised. That is within the court's power. The problem is that, in doing so, the court failed to give Garage prior notice of the ground on which it intended to rely, coupled with citation to record evidence demonstrating Insurer's entitlement to judgment on that ground. In the absence of such prior notice, Garage had no opportunity to offer evidence of a dispute as to an issue of material fact. The governing rule of civil procedure expressly allows the court to grant a motion for summary judgment on grounds that were not raised in the motion, but only after giving the opposing party notice and the opportunity to oppose. Fed. R. Civ. P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court may . . . grant the motion on grounds not raised by a party."); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("District courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."); *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) ("Because the district court did not provide Willey with notice that it would consider grounds not raised in the defendants' brief in support of their motion, we must vacate the judgment to the extent that it exceeded the grounds raised in that motion."). We therefore vacate the grant of summary judgment on the contract claim and remand for further proceedings.

II. *GBL § 349*

The district court also granted summary judgment to Insurer on Garage's claims under GBL § 349, finding that Garage failed to raise a material question of fact on its claims that Insurer engaged in deceptive practices, and in the alternative, that these claims were precluded under § 2601 of the New York Insurance Law. *Nick's Garage*, 101 F. Supp. 3d at 198–202. Garage claimed that Insurer engaged in two types of deceptive practices in violation of § 349: (i) systematically offering to pay below-market labor rates that did not comport with its policy obligations, and (ii) making misrepresentations as to the availability of repair shops willing to accept Insurer's offered payments. The district court granted summary judgment dismissing both categories of claims. We vacate the grant of summary judgment for the claims based on labor rates, but affirm the judgment for the claims regarding the availability of back-up shops.

(a) *Labor rates.* A movant shows entitlement to summary judgment by demonstrating that "that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."Fed. R. Civ. P. 56(a).

With respect to labor rates, Insurer undertook to show that its settlement offers were sufficient to repair the vehicles to their pre-accident condition using the "going rate" for labor. It relied on a declaration of Kevin Reynolds, one of its claims managers. J.A. 47 ("Reynolds Declaration"). Reynolds averred that, during the period at issue, Insurer allowed $44–46 per hour for hourly labor rates, and that this "was the going rate in the marketplace during the . . . timeframe, and was the hourly . . . labor rate accepted by all collision repair shops in the Syracuse, New York marketplace with the exception of [Garage], and one other Syracuse area auto collision repair shop." J.A. 53–54. Reynolds further averred that Insurer "had back-up collision repair shops willing to repair and restore the . . . vehicles at issue to pre-accident condition" at the price Insurer offered in its estimates to Garage. J.A. 55.

If Nationwide's obligation had been to pay amounts for which *it, the insurer*, could reasonably be expected to repair an insured's car, the Reynolds Declaration might have been sufficient. The declaration is reasonably understood as meaning that, in dealing with Nationwide, all the repair shops in the area (excepting Garage and one other) accepted Insurer's $44-46 rates. If that had been the measure of the Insured's obligation, Garage would have been required, in order to defeat the motion, to show that, notwithstanding Reynolds's averment, there was a genuine dispute of fact as to the labor rates Insurer could reasonably be expected to pay.

However, Insurer's obligation was to pay "the amounts for which *the claimant* [i.e., the insured] can reasonably be expected to . . . repair the property." 11 N.Y.C.R.R. § 216.6(b)(1)(emphasis added). The fact that an insurer such as Nationwide, which has the capacity to bring a substantial volume of business to a repair shop, can prevail upon shops to agree to a particular labor rate does not show that one of the insurer's claimants can reasonably expect to get her car repaired at that rate. *See Progressive Casualty*, Slip Op. at 30. ("The fact that repair shops may accept a labor rate paid by a particular insurer that may bring the shop a large volume of business does not demonstrate that the shop, or shops generally, would accept the same rate in dealing with another insurer or a customer who has only one car to be repaired."); *see also id.* at 39–40.

The Reynolds Declaration failed to establish Insurer's entitlement to judgment, and the absence of a material question of fact as to whether Insurer's offers to pay for labor at $44-46 hourly rate fairly represented rates a claimant could reasonably be expected to pay.

Deposition testimony from Insurer's Material Damage Claims Director and Associate Claims Director for the Northeast further confirmed that Insurer's labor rate was

5

determined by what insurance companies could impose—the rates it could use to reach agreement with repair shops, and its review of subrogation data from other insurers showing the rates used in their claims estimates—and not the rates claimants might reasonably expect to pay in the marketplace.

Furthermore, even putting aside the disparity between the rates Insurer could obtain and rates that claimants could obtain, Garage has raised a genuine question of material fact as to whether the rates Insurer offered for the vehicles at issue were in fact the reasonably expected rate in the marketplace. Garage presented evidence that Insurer and other insurance companies had a practice of masking the true effective labor rate it paid to repair shops by offering repair shops "labor rate concessions" when it had difficulty reaching agreed prices with repair shops. These concessions— either in the form of lump sum payments or allotting additional labor hours for repairs—had the disguised effect of paying repair shops more money for labor, while maintaining the appearance (in estimates summaries and subrogation data) of paying the lower labor rate it included in its estimates to Garage. By presenting this evidence, Garage raised a genuine issue of material fact as to whether Insurer's offers to Garage were based on a labor rate at which the claimant could reasonably expect to have a damaged vehicle repaired.

We conclude that Insurer was not entitled to summary judgment on Garage's claim that Insurer engaged in materially deceptive practices in violation of § 349 by purporting to offer reasonably expected, market labor rates in accordance with its policy obligations while systematically offering lower-than-market rates.[2]

(b) *Other § 349 claims.* As to Garage's other category of GBL § 349 claims, we agree with the district court that Insurer was entitled to summary judgment concerning its representations of the availability of back up repair shops to perform the repairs. *Nick's Garage*, 101 F. Supp. 3d at 200–01. Garage claims that Insurer sent Notice of Rights letters to eight of its insureds after failing to reach an agreed price with Garage, which, in language mandated by regulation, stated that Insurer was "able to provide [the customer] with the identity of the repair shop that will repair your vehicle at our estimate, but under the Insurance Law, we may not recommend a repairer unless you expressly request such information." Appellant's Br. 39 (citing 11 N.Y.C.R.R. § 216.12). Garage claims that this was misleading because the letters would lead a customer to believe that Insurer had already contacted a repair shop that had agreed to perform the

_____

[2] We do not disturb the district court's dismissal of six of Garage's GBL claims on statute of limitations grounds, *Nick's Garage*, 101 F. Supp. 3d at 191 n.4, which Garage has not appealed.

particular repair at the quoted amount, when in fact the evidence showed that Insurer had not contacted the alternative shops.

We agree with the district court that Insurer showed its entitlement to judgment on this aspect of Garage's claims, and that there is no material issue of fact. The letters do not constitute materially misleading or deceptive acts. They do not state or imply that another shop had been contacted expressly with regard to the particular job.[3]

We further conclude, for the reasons explained in *Progressive Casualty*, (i) that Garage's § 349 claims are not precluded by § 2601 of the Insurance Law, *Progressive Casualty*, Slip Op. at 45–49[4]; and (ii) that Insurer was not entitled to judgment on the grounds that it negotiated in good faith, *id.* at 40–41; that the labor rates were fully disclosed, *id.* at 41–42; that Garage has asserted no GBL injury at all, *id.* at 42–43; and that the GBL injury is not actionable because it is the same injury as alleged in the contract claim, *id.* at 43.

Having considered all of the parties' arguments (whether or not discussed above), we AFFIRM IN PART the judgment of the district court, and VACATE IN PART and REMAND the case for further proceedings.

                                            FOR THE COURT:
                                            Catherine O'Hagan Wolfe, Clerk

---

[3] On appeal, Garage also argues that Insurer made other misrepresentations to Therese Colombo. Garage did not present this claim in its opposition to Insurer's motion before the district court, and we therefore find that it has been forfeited. *See Caiola v. Citibank, N.A., N.Y.*, 295 F.3d 312, 327 (2d Cir. 2002).

[4] For similar reasons, the district court was correct to reject Insurer's argument that Garage's first cause of action is precluded by the Insurance Law. *Nick's Garage*, 101 F. Supp. 3d at 195. Although Garage did not explicitly label its first cause of action in its Amended Complaint, the language of the first cause of action expressly refers to Insurer's violations of "*its obligation under the Policies* and New York Insurance law and regulations." J.A. 1338 (emphasis added). Although there is no private right of action under § 2601 of the Insurance Law, that law does not preclude a claim for breach of contract. *See Jeffrey's Auto Body, Inc. v. Allstate Ins. Co.*, 4 N.Y.S.3d 417 (4th Dep't 2015).

7